IN THE SUPERIOR COURT OF SPALDING COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **JESSE D. JONES**<br><br>    **Plaintiff,**<br>vs.<br><br>**VOLUME TRANSPORTATION, INC.,**<br>**RANI TRANSPORTATION, INC**<br>**PENNSYLVANIA MANUFACTURERS'**<br>**ASSOCIATION INSURANCE**<br>**COMPANY,**<br>**UNITED SPECIALTY INSURANCE**<br>**COMPANY,**<br>**PROTECTIVE INSURANCE**<br>**COMPANY and**<br>**JOHN DOE**<br><br>    **Defendant.** | CIVIL ACTION<br>FILE NO: 22V-0228<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Jesse D. Jones, and states his complaint against Defendant , Volume Transportation, Inc., Rani Transportation, Inc., Pennsylvania Manufacturers' Association Insurance Company, United Specialty Insurance Company, and John Doe, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, Jesse Devoe Jones is a resident and citizen of the State of Georgia.

2.

Defendant Volume Transportation, Inc. (hereinafter "Volume Transportation") is a Georgia corporation authorized to do business in the State of Georgia with its principal place of business located at 2261 Plunkett Road, Conyers, GA, 30012. Defendant Volume Transportation,


EXHIBIT 'A'

Inc. is subject to the jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent Larry S. Sellers at 133 Gantt Lane, Fayetteville, GA, 30215, FAYETTE COUNTY and/or their BOC-3 agent, National Resident Agent Service, Inc., Rogers & Cates, P.C., 2300 Henderson Mill Road, Suite 330 Atlanta Ga 30345 DEKALB COUNTY.

3.

Defendant Protective Insurance Company, (hereinafter " Protective") is a for-profit, foreign corporation, and insurer for Volume Transportation, Inc. The principal place of business for Protective is 111 Congressional Blvd, Suite 500 Carmel In 46032. . Protective is subject to this jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent, Corporate Service Company, 2 Sun Court, Suite 400 Peachtree Corners GA 30092, GWINNETT COUNTY.

4.

Defendant Rani Transportation, Inc., (hereinafter "Rani Transportation") is a for-profit, foreign corporation which is not registered with the Georgia Secretary of State to do business in the State of Georgia. The principal place of business for Rani Transportation is 5815 N. Torrey Pines Avenue, Fresno CA 93723. Rani Transportation is subject to the jurisdiction of this court and may be served by issuing Summons and a second original of this Complaint to tits BOC-3 agent, Truck Process Agents of America, Inc., The Financial Integrity Group/Dawn Richardson 410 E. Taylor Street Suite G, Griffin Ga 30223, SPALDING COUNTY.

5.

Defendant Rani Transportation is subject to the venue and jurisdiction of this Court under Long-Arm Statute (O.C.G.A. § 9-10-91) by virtue of the fact that Defendant authorized an employee, officer or agent of the corporation to operate a vehicle on the roads located in the State of Georgia and committed a tortious act in HENRY County, State of Georgia. Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-12-3 and the Long-Arm Statute.

6.

Defendant United Specialty Insurance Company (hereinafter "United Specialty") is a for-profit, foreign corporation, and the insurer of co-Defendant Rani Transportation, Inc (Automobile Liability policy GWP52449 00). The principal place of business for United Specialty is 1900 L. Don Dodson Drive, Bedford, TX 76021. United Specialty is subject to this jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville GA 30046 GWINNETT COUNTY.

7.

Defendant Pennsylvania Manufacturers' Association Insurance Company (hereinafter "PA Manufacturers'") is a for-profit, foreign corporation, and insurer for Rani Transportation, Inc. (Commercial Liability Policy 301901-9822404Y). The principal place of business for PA Manufacturers' is 380 Sentry Parkway Blue Bell PA 19422. PA Manufacturers' is subject to this jurisdiction of this Court, and may be served by issuing Summons and a second original of this Complaint to their registered agent, Corporate Service Company, 2 Sun Court, Suite 400 Peachtree Corners GA 30092, GWINNETT COUNTY.

8.

Defendant JOHN DOE (hereinafter "DEFENDANT DOE") is the driver of the tractor trailer involved in the subject collision and is a resident and citizen of the State of Georgia.

9.

Defendants Volume Transportation, Inc., Rani Transportation, John Doe, and Pennsylvania Manufacturers' Association Insurance Company and United Specialty Insurance Company are joint tortfeasors and as such, venue as to all Defendants is proper in SPALDING County, Georgia.

## **COUNT I – NEGLIGENCE OF DEFENDANT**

## **JOHN DOE**

10.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9 above as if they were fully restated verbatim.

11.

On or about July 19, 2020, Plaintiff Jones, was operating a 2004 Ford Explorer (GA traveling on Interstate 75 in HENRY County, Georgia.

12.

On or about the same time and place, Defendant John Doe, was driving a 2017 Freightliner (DOT: 445219) and was traveling on Interstate 75, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide with Plaintiff's vehicle causing extreme damage to the vehicle operated by Plaintiff Jones.

13.

As a result of the accident, Plaintiff Jones suffered multiple injuries.

14.

At all relevant times, Defendant John Doe owed certain civil duties to Plaintiff Jones. Notwithstanding those duties, Defendant John Doe did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the a 2017 Freightliner truck (DOT: 445219) or, if reasonable and proper observations were made, failing to act thereon;

b. In failing to make timely and proper application of brakes in violation of O.C.G.A. § 40-6-241;

c. In failing to observe or undertake the necessary precautions to keep the a 2017 Freightliner (DOT: 445219) from colliding with the Plaintiff's 2004 Ford Explorer in violation of O.C.G.A. § 40-6-390;

d. In driving the a 2017 Freightliner truck (DOT: 445219) without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e. In driving the a 2017 Freightliner truck (DOT: 445219) in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

Defendant Doe's violations of the aforementioned duties of care constitute negligence *per se*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant John Doe, Plaintiff Jones has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $41,159.43 in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT VOLUME TRANSPORTATION, INC.

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

At all relevant times, Defendant John Doe was an employee and agent of Defendant Volume Transportation, Inc. and Defendant John Doe was driving a 2017 Freightliner (DOT: 445219; CA license number's WP96129 and 4RN5897) within the course and scope of his employment with Defendant Volume Transportation, Inc. .

19.

Defendant Volume Transportation, Inc. is liable for the acts and omissions of Defendant

Defendant Doe's violations of the aforementioned duties of care constitute negligence *per se*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant John Doe, Plaintiff Jones has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of $41,159.43 in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT VOLUME TRANSPORTATION, INC.

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

At all relevant times, Defendant John Doe was an employee and agent of Defendant Volume Transportation, Inc. and Defendant John Doe was driving a 2017 Freightliner (DOT: 445219; CA license number's WP96129 and 4RN5897) within the course and scope of his employment with Defendant Volume Transportation, Inc. .

19.

Defendant Volume Transportation, Inc. is liable for the acts and omissions of Defendant

Doe as Defendant Volume Transportation, Inc. agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

20.

Defendant Volume Transportation, Inc. negligently hired, retained, and supervised Defendant John Doe.

21.

Defendant Volume Transportation, Inc. negligently entrusted the 2017 Freightliner tractor (DOT: 445219, CA license number's WP96129 and 4RN5897) trailer to Defendant John Doe when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

22.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Volume Transportation, Inc., Plaintiff Jones has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Jones has incurred in excess $41,159.43 in past medical expenses.

## COUNT III –
## NEGLIGENCE OF DEFENDANT RANI TRANSPORTATION, INC.

23.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 above as if they were fully restated verbatim.

24.

At all relevant times, Defendant John Doe was an employee and agent of Defendant Rani Transportation, Inc. and Defendant John Doe was driving a 2017 Freightliner (DOT: 445219; CA license number's WP96129 and 4RN5897) within the course and scope of his employment with Defendant Rani Transportation, Inc. .

25.

Defendant Rani Transportation, Inc. is liable for the acts and omissions of Defendant Doe as Defendant Rani Transportation, Inc. agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

26.

Defendant Rani Transportation, Inc. negligently hired, retained, and supervised Defendant John Doe.

27.

Defendant Rani Transportation, Inc. negligently entrusted the 2017 Freightliner tractor (DOT: 445219, CA license number's WP96129 and 4RN5897) trailer to Defendant John Doe when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

8

28.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Rani Transportation, Inc., Plaintiff Jones has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Jones has incurred in excess $41,159.43 in past medical expenses.

## COUNT IV
## CONTRACT-PROTECTIVE INSURANCE

29.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 26 above as if they were fully restated verbatim.

30.

At the time of the collision-in-suit, on July 19, 2020, Defendant Protective Insurance Company issued a policy of liability insurance, B-13580 to Volume Transportation, Inc as an insured.

31.

Protective Insurance Company, Policy Number B-13580, was in effect on July 19, 2020, and provides coverage up to $1,000,000.00 for the negligent acts and omissions of Volume Transportation, Inc., and as a result of the collision-in-suit.

32.

Defendant Protective Insurance Company is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c) and under the old statute in place at the time of this incident O.C.G.A. § 46-7-12(c) (2011).

33.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Protective Insurance Company, is liable to Plaintiff Jones, and responsible for payment of damages incurred by and occasioned upon the Plaintiff Jones as a result of the negligent acts and omissions of John Doe and Volume Transportation, Inc.

## COUNT V

## CONTRACT-PA MANUFACTURERS'

34.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 33 above as if they were fully restated verbatim.

35.

At the time of the collision-in-suit, on July 19, 2020, Defendant Pennsylvania Manufacturers' Association Insurance, issued a policy of liability insurance, Policy Number 301901-9822404Y, Rani Transportation, Inc as an insured.

36.

Pennsylvania Manufacturers' Association Insurance, Policy Number 301901-9822404Y, was in effect on July 19, 2020, and provides coverage up to $1,000,000.00 for the negligent acts and omissions of Rani Transportation, Inc., and as a result of the collision-in-suit.

37.

Defendant Pennsylvania Manufacturers' Association Insurance is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c) and under the old statute in place at the time of this incident O.C.G.A. § 46-7-12(c) (2011).

38.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Pennsylvania Manufacturers' Association Insurance, is liable to Plaintiff Jones, and responsible for payment of damages incurred by and occasioned upon the Plaintiff Jones as a result of the negligent acts and omissions of John Doe and Rani Transportation, Inc.

## COUNT VI

## CONTRACT-UNITED SPECIALTY

39.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 38 above as if they were fully restated verbatim.

40.

At the time of the collision-in-suit, on July 19, 2020, Defendant United Specialty, issued a policy of liability insurance, Policy Number GWP52449 00, with Rani Transportation, Inc as an insured.

22.

United Specialty, Policy Number GWP52449 00. was in effect on July 19, 2020, and provides coverage up to $750,000.00 for the negligent acts and omissions of Rani Transportation, Inc., and as a result of the collision-in-suit.

23.

Defendant United Specialty is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c) and under the old statute in place at the time of this incident O.C.G.A. § 46-7-12(c) (2011).

24.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant United Specialty, is liable to Plaintiff Jones, and responsible for payment of damages incurred by and occasioned upon the Plaintiff Jones as a result of the negligent acts and omissions of John Doe and Rani Transportation, Inc.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jesse Devoe Jones respectfully prays and demands as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d. That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e. That this matter be tried to a jury;

f. That all costs be cast against the Defendants; and

g. For such other and further relief as this Court deems just and appropriate.

This 16TH day of March, 2022.

Respectfully submitted,

Kelli Hooper, Esq.
Georgia Bar No. 106130
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E.
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-8811
Fax: (404) 965-8812